DEWEY KEITH v. STATE.

163 So. 884.
Opinion Filed October 22, 1935.
Rehearing Denied November 19, 1935.

*E. C. Boswell,* of Geneva, Ala., for Plaintiff in Error.

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, J.—This is a companion case to that of Millard Keith and Bonard Retherford v. State, decided at the present term (opinion filed September 17, 1935) wherein the judgments and sentence of death against the plaintiffs in error in that case were reversed because of the erroneous refusal of the trial judge to properly charge the trial jury as to the necessity of affirmatively proving the element of "intent to hold for ransom" when that is put in issue in a prosecution for the capital crime of felonious kidnaping with intent to hold for ransom as denounced by Chapter 16063, Acts 1933, General Laws of Florida. In this case

the verdict of the jury contained a recommendation to the mercy of the Court. Accordingly under the law of this State (Section 8401 C. G. L., 6096 R. G. S.) relating to conviction for capital felonies, the plaintiff in error was sentenced to life imprisonment.

We find no error in the present case, so the judgment against plaintiff in error must be conditionally affirmed as hereinafter stated.

No complaint is insisted upon in this Court as to any of the charges actually given by the trial judge.

Indeed the trial judge in the trial of this case appears to have affirmatively charged the trial jury (a thing that he did not do in the companion case) on the subject of the necessity of the State's establishing that Mrs. Phelps was not only unlawfully kidnaped as charged in the indictment, but that she was so kidnaped with the *specific intent* to hold her, the said Sophiaah Phelps, for a ransom to be paid for her release. The particular charge of the Court so given on this phase of the indictment against the accused, was as follows:

"If you believe from the evidence beyond a reasonable doubt that the defendants, Millard Keith and Bonard Retherford, at any time before the filing of the indictment in this case, in Holmes County, Florida, did feloniously and without lawful authority, forcibly and secretly confine, imprison and kidnap, against her will Sophiaah Phelps, by assaulting her with a pistol as alleged in said indictment, and carried the said Sophiaah Phelps from her home in Holmes County, Florida, to a place several miles away from her home in said County, with the intent to hold her, the said Sophiaah Phelps, for a ransom to be paid for her release, and you should further believe that Dewey Keith was then and there presently and feloniously present aiding,

and abetting and assisting Millard Keith and Bonard Retherford the said crime to do and commit, you should convict him.

"Before you would be justified in convicting the defendant, Dewey Keith, the evidence should not only show beyond a reasonable doubt that they kidnaped the said Sophiaah Phelps as alleged in said indictment, but that they kidnaped her with the intent to hold her, the said Sophiaah Phelps, for a ransom to be paid for her release."

Requested charges No. 1 and No. 2, which were refused were obviously bad, as they amounted to a request for a directed verdict in favor of the defendant, which request was not justified on the evidence as a matter of law sufficient to take the case from the jury.

Other propositions of law argued, such as alleged errors in the court's denial of the defendant's motion for a new trial, its refusal to order a change of venue, and the like, have been examined but found not to constitute any predicate for reversal of the judgment.

It was for the jury to determine under proper charges whether or not the accused in this case was guilty of being an accomplice to the felony of unlawful kidnaping with intent to hold for ransom, as charged against the principals, Millard Keith and Bonard Retherford, in the indictment, and for which, at the time of the trial of this defendant, which was not until after the trial and conviction of the alleged principals, the said alleged principals stood convicted and sentenced to death at the time this trial was held.

The judgment in this case is affirmed, but on the express condition, however, that if the said principal defendants, Millard Keith and Bonard Retherford, shall, on the new trial that has been awarded to them by the judgment of this Court entered on September 17, 1935, be acquitted as

principals in the perpetration of the crime charged in the joint indictment returned against Millard Keith, Dewey Keith and Bonard Retherford, then this judgment shall be without prejudice to the right of plaintiff in error in this case to have recourse to a writ of *audita querela** in view of such change in the circumstances affecting the amenability to punishment of the other alleged participants' in the offense charged against the joint defendants.

Affirmed subject to condition stated in the opinion.

TERRELL, and BROWN, J. J., concur.

WHITFIELD, C. J., and BUFORD, J., concur specially.

BUFORD, J. (specially concurring).—I think the judgment should be unconditionally affirmed.

WHITFIELD, C. J., concurs.

---

*Audita querela* is a common law writ issuing from and returnable to the Court wherein the judgment complained of was rendered or where the record is, and is issuable wherever matters of avoidance arise subsequent to the rendition of a judgment the enforcement of which the complainant in *audita querela* apprehends or wishes to have restrained on legal grounds.