**UNITED STATES of America, Plaintiff,**

v.

**Jose Angel GRAJEDA–PEREZ, aka
Jose Angel Perez, Defendant.**

No. CR–88–127–Y.

United States District Court,
E.D. Washington.

May 1, 1989.

Robert S. Linnell, Asst. U.S. Atty., Yakima, Wash., for U.S.

Robert H. Gibbs, Gibbs, Douglas, Theiler & Drachler, Seattle, Wash., for defendant.

## ORDER GRANTING WRIT FOR RELIEF FROM JUDGMENT

McDONALD, District Judge.

Before the court for resolution is the defendant's Petition for Writ of Audita Querela, heard without oral argument on April 17, 1989 in Yakima, Washington. The defendant seeks relief from a judgment of guilt to being an alien in possession of a firearm in violation of 18 U.S.C. § 922(g) entered by this court on July 8, 1988. The defendant has already served the full term of imprisonment imposed; relief is sought, nonetheless, so that the defendant may obtain legalization under the Immigration Reform and Control Act of 1986. Upon entering judgment, the court explicitly recommended that this conviction "not be used as a basis for the deportation or exclusion of the defendant from the United States"; this recommendation, however, has apparently been of no avail.

■ The All–Writs Act, 28 U.S.C.A. § 1651(a) (1966), states:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and

agreeable to the usages and principles of law.

This language was interpreted by the Supreme Court in *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), as providing for the availability of a writ of *coram nobis* as a means for a defendant no longer in federal custody to obtain relief from a criminal conviction. In *Morgan,* the defendant was granted a hearing in which he was given an opportunity to present facts attacking the propriety of his conviction. Mr. Grajeda–Perez, on the other hand, does not contest any of the facts surrounding his conviction, other than his understanding, a matter clearly stipulated to by counsel, that his plea of guilty would in no way impair his ability to lawfully remain a resident of the United States. A writ of *coram nobis,* as used by the court in *Morgan,* would thus be clearly inappropriate here. *United States v. Salgado,* 692 F.Supp. 1265, 1269 (E.D.Wash. 1988). Recently, some courts, when confronted with this very situation, have relied alternatively on the writ of *audita querela* as the means used to accomplish the same result. *Id.; United States v. Ghebreziabher,* 701 F.Supp. 115 (E.D.La.1988). However, this likewise appears to be inappropriate, as *audita querela* traditionally has been used only to obtain relief from the *consequences* of a judgment (*see Salgado,* 692 F.Supp. at 1265, citing *Black's Law Dictionary* 120 (5th ed. 1979); *United States v. Kimberlin,* 675 F.2d 866 (7th Cir.1982)), whereas here the remedy sought is vacation of the judgment itself. Fortunately, this court does not consider itself limited to these two alternatives, but rather finds within the language of the All–Writs Act wide latitude to construct any remedy necessary to "achieve justice" and to right a "wrong [which] may [otherwise] stand uncorrected." *Morgan,* 346 U.S. at 511–12, 74 S.Ct. at 252–53; *see also Kimberlin,* 675 F.2d at 866. Such a remedy is warranted here. Therefore,

IT IS HEREBY ORDERED, pursuant to 28 U.S.C.A. § 1651(a), that the defendant be issued a WRIT FOR RELIEF FROM JUDGMENT. The judgment of guilt en-

tered by this court on July 8, 1988, is accordingly VACATED.

IT IS SO ORDERED.