**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jorge L. REYES, Defendant–Appellant.**

**No. 91–3004**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 23, 1991.

Lawrence B. Fabacher, II, New Orleans, La., for defendant-appellant.

Peter G. Strasser, Walter F. Becker, Jr., Asst. U.S. Attys., Harry Rosenberg, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before GARWOOD, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

GARWOOD, Circuit Judge:

Defendant-appellant Jorge L. Reyes (Reyes) appeals the denial of his motion to reconsider the denial of an earlier motion to vacate a drug conviction by a writ of *audita querela* sought on the grounds that vacation of the conviction was necessary to afford him relief in deportation proceedings pending against him.[1] Agreeing with the district court that a writ of *audita querela* is not available to vacate a conviction on general equitable grounds, we affirm.

## Procedural History

In September 1988, as the result of a plea bargain, Reyes pleaded guilty in the court below to one count of conspiring, from December 1987 to May 1988, to possess cocaine hydrochloride with intent to distribute it, contrary to 21 U.S.C. §§ 841(a)(1) & 846. In December 1988 he was sentenced to six months in prison, three years of supervised release and a special assessment of fifty dollars. Pursuant to the plea agreement, the indictment's other count against Reyes was dismissed.

Reyes is a native of Venezuela, is in the United States on a student visa, and is married to a United States citizen. Shortly after Reyes served his referenced prison sentence, deportation proceedings against him were commenced by the Immigration and Naturalization Service (INS). Reyes was unable to secure a suspension of deportation under section 244(a) of the Immigration and Naturalization Act (INA), 8 U.S.C. § 1254(a), because of his conviction.

In July of 1989, Reyes filed in the court below a motion to vacate his conviction under Fed.R.Civ.P. 60(b) and for a writ of *audita querela*, arguing that his impending deportation was an unjustly harsh consequence of his conviction. The district court denied his motion on August 2, 1989.

In September of 1990, Reyes filed a motion to vacate his conviction that was nearly identical to his July 1989 motion. Again, the grounds of his motion were that a writ of *audita querela* was an appropriate remedy to allow him to avoid deportation resulting from his earlier conviction. The district court denied this second motion on October 16, 1990.

On November 30, 1990, Reyes filed a motion asking the district court to reconsider its October 16, 1990 denial of his second (his September 1990) motion to vacate. This motion to reconsider was denied on December 19, 1990. Reyes filed notice of appeal of the district court's denial of his motion to reconsider on December 27, 1990.

## Discussion

Reyes' notice of appeal clearly states that appeal is being taken only of the district court's December 19 denial of Reyes November 30 motion to reconsider, and is plainly untimely as an appeal from the October 16, 1990 denial of the September 1990 motion to vacate.

---

1. According to *Black's Law Dictionary*, Sixth Edition, a writ of *audita querela* is "a common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise."

It is similar, but not identical, to a writ of *coram nobis* which Black's defines as a "procedural tool whose purpose is to correct errors of fact only, and its function is to bring before the court rendering the judgment matters of fact which, if known at time judgment was rendered, would have prevented its rendition. . . . such as a valid defense existing in facts of case, but which, without negligence on defendant's part, was not made, either through duress or fraud or excusable mistake. . . ."

The noted distinction seems to be largely, if not entirely, one of historical nomenclature having relevance to timing, not substance. While, under the stated definition, *coram nobis* is used to attack a judgment that was infirm, for reasons that later came to light, at the time it was rendered, *audita querela* was a means of attacking a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition. *See, e.g., Balsley v. Commonwealth,* 428 S.W.2d 614, 616 (Ky.1967); *Keith v. State,* 121 Fla. 432, 163 So. 884, 885 n.* (1935).

It is questionable whether we have restricted *coram nobis* either to factual matters or so as to exclude post-conviction developments. *See, e.g., United States v. Marcello,* 876 F.2d 1147, 1154 (5th Cir.1989).

■ Under the bright line standard set by this Court for post-judgment motions in *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665 (5th Cir.1986), any post-judgment motion that asks for relief other than correction of a purely clerical error and which is filed more than ten days after judgment is entered is treated as a motion under Fed.R.Civ.P. 60(b). *Id.* at 667. Because Reyes' November 30 motion to reconsider was filed more than ten days after the district court's October 16 denial of Reyes' second motion to vacate, it must be treated as a Rule 60(b) motion. Considering the September 1990 motion to vacate as itself also a Rule 60(b) motion, then, a question exists as to whether denial of a successive motion, such as that of November 30, 1990, is appealable.

If Reyes' September 1990 and November 30, 1990 motions [2] were ordinary Rule 60(b) motions, dismissal of the appeal would appear appropriate under the rule articulated in *Burnside v. Eastern Airlines, Inc.*, 519 F.2d 1127 (5th Cir.1975). In *Burnside*, this Court held that a Rule 60(b) motion could not substitute for a proper and timely appeal. The Court concluded:

"The time for notice of appeal on plaintiff's initial Rule 60(b) motion having run, the filing of another such motion alleging substantially similar grounds for relief does not provide plaintiff with a second opportunity for appellate review." *Id.* at 1128.

Here, the proper course of action for Reyes would have been to file a timely notice of appeal within thirty days of the district court's August 2, 1989 denial of his original motion to vacate. Rather than doing so, however, Reyes followed with not one, but *two* more motions alleging not just "substantially similar," but *identical* grounds for relief.

However, because Reyes' motions pray for the vacation of a criminal conviction rather than a civil judgment and are not ordinary Rule 60(b) motions, we hesitate to apply *Burnside*. A motion for a writ of *audita querela* seeking vacation of a then otherwise final criminal conviction might

perhaps more properly be considered, for presently relevant procedural purposes, as analogous to other postconviction remedies, such as the writs of habeas corpus and *coram nobis*. Rather than dismiss Reyes' appeal under a *Burnside*–Rule 60(b) analysis, then, we will consider a motion for a writ of *audita querela* as subject for these purposes to the procedural rules applicable to habeas corpus relief.

■ Proceedings in which a defendant seeks habeas corpus relief from federal custody under 28 U.S.C. § 2255 are not subject to the principles of *res judicata*. *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 1072–74, 10 L.Ed.2d 148 (1963); *Daniels v. Blackburn*, 763 F.2d 705, 706 (5th Cir.1985). However, Rule 9(b) of the Rules Governing 28 U.S.C. § 2255 Proceedings states, in relevant part:

"Successive Motions. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits...." Rule 9(b), 28 U.S.C. foll. § 2255.

A request for relief under § 2255 may be dismissed under this part of the rule if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the court reached the merits of the previous petition, and (3) the ends of justice are served by refusing to reach the merits of the current petition. *Moore v. Blackburn*, 806 F.2d 560, 564 (5th Cir.1986) (citing *Sanders, supra*, 83 S.Ct. at 1077–79), *cert. denied*, 481 U.S. 1042, 107 S.Ct. 1988, 95 L.Ed.2d 827 (1987). *See also Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 2627–28, 91 L.Ed.2d 364 (1986) (indicating that ends of justice exception requires colorable showing of factual innocence); *McDonald v. Blackburn*, 806 F.2d 613, 621–22 (5th Cir.1986) (same). *Cf. McCleskey v. Zant*, —— U.S. ——, 111 S.Ct. 1454, 1471, 1474–75, 113 L.Ed.2d 517 (1991) (citing *Kuhlmann* and applying actual innocence test).

---

**2.** To say nothing of his July 1989 motion.

Reyes' three petitions for writ of *audita querela* are practically identical in terms of authorities, arguments, and issues. Had these motions been petitions for habeas relief, the September 1990 and November 1990 motions would clearly be successive and the district court need not have addressed them on their merits.

Assuming, arguendo, that relief for Reyes is not barred as discussed above, we conclude that in any event the district court was correct in its denial of relief on the merits. In its order denying Reyes' motion to reconsider, the district court held that:

> "the writ [of *audita querela* ] was meant only to allow a defendant to present a defense not discovered until after judgment was rendered. Because Mr. Reyes is not raising a new defense but is merely seeking equitable relief for immigration purposes, the court will not reconsider its denial of his motion."

The writ of *audita querela* as applied to civil judgments was expressly abolished by amendments to Fed.R.Civ.P. Rule 60(b) effective in 1948.[3] However, because the Supreme Court in *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) held that the writ of *coram nobis* was still available in criminal proceedings, it is likely that Rule 60(b) did not abolish the writ of *audita querela* to the extent it might otherwise have been available to attack a criminal conviction.[4] Three

circuits have now questioned, without deciding, whether *audita querela* is ever available to vacate an otherwise final criminal conviction. *See United States v. Holder*, 936 F.2d 1 (1st Cir.1991); *United States v. Ayala*, 894 F.2d 425 (D.C.Cir.1990); *United States v. Kimberlin*, 675 F.2d 866 (7th Cir.), *cert. denied*, 456 U.S. 964, 102 S.Ct. 2044, 72 L.Ed.2d 489 (1982).[5] We have similar doubts, but for present purposes we assume, without deciding, that in some set of circumstances *audita querela* might appropriately afford post-conviction relief to a criminal defendant.

Reyes does not challenge any aspect of his plea or conviction. Rather, his sole basis for arguing that a writ of *audita querela* is appropriate to vacate his conviction is that his deportation will be an inequitable consequence of his conviction if it is allowed to stand. He contends that his circumstances make deportation a greater harm for him and his family than is warranted by the government's interest in maintaining his criminal record.[6]

Reyes' legal argument relies primarily on two district court cases which have found the writ of *audita querela* appropriate to provide equitable relief where a foreign national seeks adjustment of status under section 245A of the Immigration Reform and Control Act of 1986 (IRCA), 8 U.S.C. § 1255a. *See United States v. Salgado*, 692 F.Supp. 1265 (E.D.Wash.1988)[7]; *Unit-*

---

**3.** Fed.R.Civ.P. Rule 60(b) states, in relevant part:

> "Writs of coram nobis, coram vobis, audita querela ... are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

**4.** The Court in *Morgan* found authority for sustaining the writ of *coram nobis* in the All Writs Act, 28 U.S.C. § 1651(a) which states: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

**5.** The Seventh and District of Columbia Circuits both expressed strong doubts that there was any gap in federal post-conviction remedies that was left to be filled given the availability of (i) 28 U.S.C. § 2255 habeas relief to the defendant while he was still in federal custody and (ii) *coram nobis* relief after he has been released.

*Ayala, supra,* 894 F.2d at 429; *Kimberlin, supra,* 675 F.2d at 869. The First Circuit merely assumed, without deciding or discussing the matter, that *audita querela* might be available, in some circumstances, to fill a gap in federal post-conviction remedies. *Holder, supra,* 936 F.2d at 2.

**6.** Reyes maintains that he has been hard-working and law-abiding since his release from prison. Further, his wife suffers from a chronic heart problem for which there may not be adequate treatment available in Venezuela. Finally, due to the death of his father-in-law, Reyes currently supports both his mother- and brother-in-law in addition to his wife.

**7.** In *Salgado*, the INS denied Salgado relief under the IRCA because of a twenty-four-year-old conviction. The district court granted Salgado's petition for a writ of *audita querela* to vacate his conviction—which was unopposed by the

ed States v. Ghebreziabher, 701 F.Supp. 115 (E.D.La.1988).[8] *See also United States v. Grajeda–Perez,* 727 F.Supp. 1374 (E.D.Wash.1989) (*audita querela* as such inappropriate to vacate conviction, but conviction nevertheless vacated on equitable basis under All Writs Act, 28 U.S.C. § 1651(a)); *United States v. Acholonu,* 717 F.Supp. 709 (D.Nev.1989) (not deciding whether *audita querela* available on purely equitable grounds, but concluding that even if it were, government's interest in maintenance of criminal record outweighed petitioner's interest in relief under the IRCA). *But see United States v. Garcia–Hernandez,* 755 F.Supp. 232 (C.D.Ill.1991) (*audita querela* not available on purely equitable grounds).

Two circuits have now considered the availability of the writ of *audita querela* to contest on purely equitable grounds the maintenance of an otherwise final criminal conviction. Both have held the writ to be inappropriate in such circumstances. *United States v. Holder,* 936 F.2d 1 (1st Cir. 1991); *United States v. Ayala,* 894 F.2d 425 (D.C.Cir.1990). The First Circuit, in *Holder,* stated:

> "We agree with the *Ayala* and *Garcia–Hernandez* courts that, if available at all, the writ of *audita querela* can only be available where there is a *legal* objection to a conviction, which has arisen subsequent to that conviction, and which is not redressable pursuant to another post-conviction remedy." *Holder, supra,* 936 F.2d at 5.

The *Ayala* court noted that the *Salgado* and *Ghebreziabher* courts had strayed from the original bounds of the writ of *audita querela* which had traditionally been available only to remedy a legal defect in or defense to the underlying judgment. *Ayala, supra,* 894 F.2d at 429. This interpretation properly flows from the definitional requirements that the post-

judgment contingency shown must be a "matter of discharge" or "defense."[9]

In fact, allowing a writ of *audita querela* to vacate a conviction on the purely equitable grounds that Reyes argues "purports to add a new remedy in the federal postconviction remedial scheme." *Id.* There seems to be no adequate statutory or historical warrant to authorize federal courts to grant such relief. Moreover, allowance of such an equitable remedy does not properly account for separation-of-powers concerns.

When a court vacates an otherwise final conviction because the defendant faces deportation, the court tends to usurp the power of Congress to set naturalization and deportation standards and the power of the INS to administer those standards in each individual case, as well as the power of the executive to prosecute criminal offenses. Similarly, in such instances the "pure equity" version of *audita querela* to some extent trenches upon the power and discretion of the President to pardon. Absent a clearer statutory or historical basis, an article III court should not arrogate such power unto itself. We, too, operate under the law. Reyes' argument that it is unfair to deport him solely on the basis of an isolated conviction properly belongs in other fora, not the courts.

### Conclusion

We do not decide today whether the writ of *audita querela* may ever be employed to challenge a criminal conviction, although we note, as did the D.C. Circuit in *Ayala,* that *audita querela* seems to add little, if anything, to the current scheme of postconviction relief afforded by section 2255 and the writ of *coram nobis.*

 We do conclude, however, that *audita querela* is not available to vacate an otherwise final criminal conviction on purely equitable grounds. Such a novel remedy

---

government—while recognizing the extraordinary circumstances that the case presented. *Salgado, supra,* 692 F.Supp. at 1267.

**8.** In *Ghebreziabher,* the district court vacated one of three misdemeanor charges for trafficking in food stamps. The court found that this

remedy preserved the government's interest in maintaining a criminal record on Ghebreziabher while still allowing him to qualify for IRCA relief. *Ghebreziabher,* 701 F.Supp. at 117.

**9.** Typically, in a civil case this would be a release or discharge in bankruptcy.

strains the traditional bounds of *audita querela* too far and presents serious separation-of-powers concerns.

The district court's denial of Reyes' motion to reconsider is accordingly,

AFFIRMED.