**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Manapurath Eappen JOHNSON,
Defendant–Appellant.**

**No. 91–3369.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 17, 1991.

Decided April 24, 1992.

---

James G. Hoofnagle, Jr., Asst. U.S. Atty., John L. Sullivan, Crim. Div., Jerome N. Krulewitch, Asst. U.S. Atty. (argued), Crim. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

James W. Reilley, Dianne Ruthman, Reilley & Associates, Des Plaines, Ill., Nathan T. Notkin (argued), Chicago, Ill., for defendant-appellant.

Before POSNER, FLAUM and RIPPLE, Circuit Judges.

FLAUM, Circuit Judge.

On August 16, 1991, defendant Manapurath Eappen Johnson filed a "Petition for Writ of Audita Querela, Writ of Coram Nobis, or a Writ under the All–Writs Act" ("petition"), requesting that his 1983 criminal conviction be vacated. The district court denied the petition. 773 F.Supp. 114. Johnson now appeals that denial, asking this Court to remand the case to the district court with instructions to review the equities as a basis for the issuance of a writ of *audita querela.*[1] We decline to do so because a writ of *audita querela* may not be issued on purely equitable grounds.

Johnson, a 50–year–old native and citizen of India, was admitted to the United States as a permanent resident in 1976. Johnson pled guilty in 1983 to conspiracy to distribute and distribution of a controlled substance—approximately 13 pounds of opium—in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to two years imprisonment, with execution of that sentence suspended during a five-year probationary period which included a condition that Johnson reside and participate in the work release program at the Metropolitan Correctional Center for a period of four months. The district court also imposed a special parole term of seven years. Johnson has since completed the sentence.

In October 1983, the Immigration and Naturalization Service ("INS") initiated deportation proceedings. Johnson conceded deportability, and filed a petition for discretionary relief from deportation pursuant to § 212(c) of the Immigration and Nationality Act, 8 U.S.C. §§ 1101, 1182 ("Act"). At a hearing in May 1984, the immigration judge determined that Johnson's case did not warrant a favorable exercise of discretion after weighing the equities against the serious nature of the misconduct. The Board of Immigration Appeals ("Board") affirmed in July 1989, noting that the immigration judge's decision was fully supported by the record and that all the evidence presented was considered before de-

---

1. Even though Johnson's petition in the district court prayed for relief on alternative grounds, supporting memoranda addressed only *audita querela.* The district court judge noted that nonreliance on *coram nobis* and the All–Writs Act was legally appropriate, as Johnson could not even arguably satisfy the requirements for the invocation of either. On appeal, Johnson again addresses only *audita querela* in his briefs and that issue alone is before this court. *See Zelazny v. Lyng,* 853 F.2d 540, 542 n. 1 (7th Cir.1988); *see also United States v. Holder,* 936 F.2d 1, 2 n. 3 (1st Cir.1991) (petition also sought relief on alternative grounds, but only argued for relief under *audita querela,* thereby waiving the alternative avenues of relief).

nying relief. We affirmed the Board in an unpublished order, 907 F.2d 153 (7th Cir. 1990). Johnson then filed a motion to re-.open deportation proceedings which the Board denied. Our review of that denial is the subject of a separate opinion. *See Johnson v. INS*, 962 F.2d 574 (7th Cir. 1992).

Continuing his campaign to avoid deportation, Johnson then filed a Petition for Writ of *Audita Querela*, asking the district court to vacate his 1983 criminal conviction on purely equitable grounds.[2] Referring to Johnson as a productive member of society, the petition recited the equities in Johnson's favor: the ownership and operation of a travel agency since 1979, the ownership of a retirement home in Florida, the citizenship of his wife, the permanent residency of his two sons, and the successful completion of his sentence. These equities, Johnson argued, required that the writ be issued to avoid the injustice of certain deportation. While expressing sympathy for Johnson's personal circumstances, the district court held that issuance of the writ depended solely on the existence of a legal defect in the underlying criminal conviction—or a defect in the sentence that would taint the conviction—and denied Johnson's petition.

■ The issues before us—issuance of a writ of *audita querela* on purely equitable grounds independent of a legal defect in the underlying conviction or sentence and availability of *audita querela* in criminal proceedings—involve solely questions of law and, as such, are reviewed *de novo*. *Oneida Tribe of Indians v. Wisconsin*, 951 F.2d 757, 760 (7th Cir.1991).

Johnson claims that district court judges should be allowed, on a case-by-case basis, to grant relief through a writ of *audita querela* from the consequences of a conviction where those consequences are grossly inequitable. Arguing that *audita querela* is a necessary postconviction remedy, Johnson relies primarily on two district court decisions awarding *audita querela* relief on solely equitable grounds. In *United States v. Salgado*, 692 F.Supp. 1265, 1269–70 (E.D.Wash.1988), the court utilized *audita querela* to vacate an alien's 24–year-old tax evasion conviction so that the alien could take advantage of amnesty rights granted under the Immigration Reform and Control Act of 1988. 8 U.S.C. § 1255(a). The district court in *United States v. Ghebreziabher*, 701 F.Supp. 115, 116–17 (E.D.La.1988), employed *audita querela* to vacate one of three food stamp convictions so that an alien would be eligible for amnesty rights. Johnson argues that harsh consequences often attend immigration disputes, thereby necessitating the creation of a equitable remedy to correct gross unfairness. Johnson's counsel freely conceded at oral argument that there existed no legal defect in Johnson's 1983 conviction or sentence.

The government's response—that Johnson is indeed attempting to create a new postconviction remedy not founded on legal principles—draws support from the consensus of the circuits that *audita querela*, if available at all in criminal proceedings, can be used only to correct legal defects in an underlying criminal conviction or sentence arising subsequent to a conviction.[3] *See*

---

**2.** In July 1990, Johnson filed a motion to vacate or set aside sentence and stay deportation, pursuant to 28 U.S.C. § 2255. At an August 9, 1990 hearing on the motion, the district court determined that the motion was factually inadequate and continued the motion generally to give Johnson an opportunity to supplement his factual allegations. Johnson apparently has never responded, abandoning this tact for the time being. On that same day, a stay of deportation was entered by another district court judge, acting in his capacity as emergency judge, under the All–Writs Act. The district court granted the government's motion to vacate the stay of deportation on October 30, 1991. This court granted Johnson's motion to stay deportation

pending appeal in Case No. 90–2290 as the Immigration and Naturalization Service offered no objection. The request for a stay in the instant case was denied as unnecessary.

**3.** District courts, other than the *Ghebreziabher* and *Salgado* courts, offer conflicting opinions on the availability of *audita querela*. In *United States v. Garcia–Hernandez*, 755 F.Supp. 232, 235 (C.D.Ill.1991), the court (agreeing with the federal appellate courts) held that the writ of *audita querela*, if available, could only furnish a basis for vacation of a conviction if the defendant raised a legal objection which could not be resolved under current post-conviction reme-

*United States v. Reyes,* 945 F.2d 862, 866 (5th Cir.1991); *United States v. Holder,* 936 F.2d 1, 3 (1st Cir.1991); and *United States v. Ayala,* 894 F.2d 425, 426 (D.C.Cir. 1990). Under the government's line of reasoning, Johnson is foreclosed from relief by writ of *audita querela* without the requisite showing of legal defect.

■ *Audita querela* is an old common-law writ permitting a defendant to obtain "relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." 11 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2867, at 235 (1973). *Reyes, Holder, and Ayala,* also immigration-based cases, specifically rejected the analysis of the *Ghebreziabher* and *Salgado* courts and required the post-judgment defense or discharge to be a legal defect, not an objection based solely on equitable grounds. *Reyes,* 945 F.2d at 866; *Holder,* 936 F.2d at 3; and *Ayala,* 894 F.2d at 429. We agree.

■ In our only relatively recent brush with *audita querela,* we held that the writ could not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under 28 U.S.C. § 2255. *United States v. Kimberlin,* 675 F.2d 866, 869 (7th Cir.1982). In defining *audita querela,* we noted that the procedure is used to obtain relief from a judgment. *Id.* The *Salgado* court focused on that portion of the definition and used it as justification to award relief solely on equitable grounds, ignoring the subsequent defense or discharge requirement. 692 F.Supp. at 1269. As the government points out, a claim that a criminal conviction is inequitable or unfair, or even grossly unfair, does not constitute a defense to, or discharge from, that conviction. *Audita querela* is not a wand which may be waved

over an otherwise valid criminal conviction, causing its disappearance; rather, it provides relief from the consequences of a conviction when a defense or discharge arises subsequent to entry of the final judgment. The defense or discharge must be a legal defect in the conviction, or in the sentence which taints the conviction. Equities or gross injustice, in themselves, will not satisfy the legal objection requirement and will not provide a basis for relief.

Creation of a new equitable remedy in the federal post-conviction relief scheme raises serious constitutional concerns. *See Reyes,* 945 F.2d at 866; *Holder,* 936 F.2d at 5. We have a delicately balanced system— one that depends on a separation of powers. In this instance, Congress is vested with the power to enact immigration legislation, including deportation standards. The executive is empowered to prosecute criminal offenses. Vacating a valid conviction through the purely equitable use of *audita querela* amounts to an end run around properly enacted immigration legislation and essentially rewrites § 241(a)(11) of the Act, which provides for deportation of an alien convicted of a violation of the Controlled Substances Act. The courts may not tinker with this balance without sufficient statutory, or even historical, authority. Requiring a legal defect as a prerequisite to relief via *audita querela* assures us that the writ will not disturb this fine balance.

The government also argues that the writ of *audita querela* does not provide any relief additional to the post-conviction relief provided by 28 U.S.C. § 2255 and *coram nobis* and should therefore be unavailable in criminal proceedings. Noting the recent gain in popularity of *audita querela* in the immigration context, the government asks us to abolish the writ in criminal cases.

---

dies. The court in *United States v. Acholonu,* 717 F.Supp. 709 (D.Nev.1989) found that *audita querela* was available in federal criminal proceedings to vacate a conviction when a subsequent defense or discharge arose, but declined to decide whether the writ would be available to correct an injustice based on equitable considerations. The All–Writs Act, rather than *audita querela,* was used by the court in *United States v. Grajeda–Perez,* 727 F.Supp. 1374 (E.D.Wash.

1989) as the equitable remedy to vacate a conviction. Noting that *audita querela* is used to obtain relief from consequences of a judgment, not vacate a conviction, the *Grajeda–Perez* court refused to invoke *audita querela.* *See also United States v. Javanmard,* 767 F.Supp. 1109 (D.Kan.1991) (*audita querela* not appropriate remedy to vacate criminal conviction; however, All–Writs Act available to provide relief based on purely equitable grounds).

Although Rule 60(b) of the Federal Rules of Civil Procedure abolishes the writ of *audita querela* in civil cases, this court has stated that the abolition does not necessarily carry over to criminal proceedings. The Supreme Court in *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), held that the abolition of the writ of *coram nobis*, also under Fed.R.Civ.P. 60(b), was limited only to civil proceedings. Using *Morgan* as guidance, we cannot conclude that *audita querela* is necessarily unavailable (or, for that matter, available) in criminal proceedings. *Coram nobis* performs a legitimate and viable task in postconviction proceedings and the Supreme Court has found it to be a necessary component of postconviction relief. *Morgan*, 346 U.S. at 512, 74 S.Ct. at 253. As we have previously stated, *audita querela* would be available under *Morgan* if the criminal defendant could show such relief was "necessary to plug a gap in the system of federal postconviction remedies." *Kimberlin*, 675 F.2d at 869. While we continue to question the extent of the viability of *audita querela* given the availability of *coram nobis* and § 2255, we decline the invitation to finally resolve the tension between outright abolition and the possibility of that one case where a writ of *audita querela* is precisely the relief merited.

Perhaps the immigration setting, with its often grave personal repercussions, lends itself to the notion that there needs to be some equitable tool to set things "right." The gap-filling allowed by *Morgan* does not, however, permit the redefinition of the writ of *audita querela*. The district court quite properly determined that a writ of *audita querela* does not provide a purely equitable basis of relief from an otherwise valid criminal conviction. Any legal objection to Johnson's underlying conviction or sentence is notably absent, and he has failed to establish any right to the relief he has requested. Accordingly, the decision of the district court is

AFFIRMED.