985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose PRADO-PEREZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-70520.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1993.*
Decided Feb. 9, 1993.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, I & NS No. Awz-zyk-jdg.
 BIA
 AFFIRMED.
 Before FARRIS, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On July 31, 1984, Jose Prado-Perez, a citizen of Mexico, was issued an order to show cause why he should not be deported. His application for suspension of deportation, filed during the course of his deportation hearing was denied by the immigration judge, and Prado-Perez was determined to be deportable. He appealed to the Board of Immigration Appeals ("BIA"), which affirmed the order of the immigration judge. He now appeals the BIA's order. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We affirm.
 
 BACKGROUND
 
 3
 Prado-Perez, his wife, and three Mexican-born-daughters entered the United States without inspection in April of 1974. He and his family have lived in Redwood City, California since their entry. Prado-Perez and his wife have two children who were born in the United States and are United States citizens. In July of 1987, Prado-Perez, his wife, and their three Mexican-born daughters applied for temporary resident status under the legalization program of § 245A of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255A. His wife and daughters were granted temporary resident status on June 22, 1989. The status of Prado-Perez's request is unclear from the record.
 
 
 4
 On July 17, 1984, Prado-Perez was arrested and charged with possession of heroin for sale, in violation of § 11351 of the California Health and Safety Code. He pleaded guilty to the charge in November of 1984 and was sentenced to a fine and probation. After fulfilling the conditions of his probation, Prado-Perez's conviction was expunged pursuant to California Penal Code § 1203.4.
 
 
 5
 On July 31, 1984, Prado-Perez was issued an order to show cause why he should not be deported after having entered the United States without inspection. During the deportation hearing, he filed an application for suspension of deportation under INA § 244(a), 8 U.S.C. § 1254(a)(1), and, in the alternative, voluntary departure under INA § 244(e), 8 U.S.C. § 1254(e). Both requests were denied because Prado-Perez was unable to establish good moral character under INA § 101(f)(3), 8 U.S.C. § 1101(f)(3), and INA § 182(a)(23), 8 U.S.C. § 1182(a)(23)--he had been convicted within the last five years. An expungement under California law does not affect the application of the conviction under immigration laws. See Matter of Kelly, 10 I. & N. Dec. 526 (BIA 1964). Accordingly, the immigration judge found Prado-Perez to be deportable.
 
 
 6
 On appeal to the BIA, Prado-Perez claimed that the immigration judge abused his discretion and denied him due process in not granting an indefinite continuance pending the determination of his application for legalization under INA § 245A, 8 U.S.C. § 1255A. Prado-Perez also argued, for the first time, that United States v. Salgado, 692 F.Supp. 1265 (E.D.Wash.1988), provided him relief. The BIA rejected Prado-Perez's arguments and dismissed his appeal.
 
 DISCUSSION
 
 7
 Prado-Perez seems to argue on appeal that the BIA abused its discretion by denying him the opportunity to pursue his argument that Salgado provides him relief from deportation. Prado-Perez is incorrect because Salgado is inapplicable to his appeal from the immigration judge's denial of his application for suspension of deportation. Moreover, if Salgado were applicable, it is doubtful that we would adopt its reasoning.[1]
 
 
 8
 The ultimate decision to grant or deny an alien suspension of deportation is reviewed for an abuse of discretion. See Ramirez-Durazo v. INS, 794 F.2d 491, 497 (9th Cir.1986). An alien bears the burden of demonstrating that he is statutorily eligible for the relief of suspension of deportation, pursuant to INA § 244(a), 8 U.S.C. § 1254(a), and that he merits the favorable exercise of discretion justifying this relief. Id. (citation omitted). The BIA's finding of statutory ineligibility for suspension of deportation is reviewed under a substantial evidence standard. See Hernandez-Luis v. INS, 869 F.2d 496, 498 (9th Cir.1989).
 
 
 9
 The basis of Prado-Perez's claim for relief is that he is entitled to a writ of audita querela under the rationale articulated by the district court in Salgado. The BIA correctly rejected this argument because Prado-Perez did not raise it before the immigration judge. See Florez de Solis v. INS, 796 F.2d 330, 335 (9th Cir.1986). The BIA also correctly concluded that Salgado was not applicable to Prado-Perez's case. Salgado was a civil action, not an immigration case, brought by an alien to expunge a marijuana conviction under Fed.R.Civ.P. 60(b)(6) so that he would ultimately be able to petition for a return of his former immigration status as a permanent resident alien. 692 F.Supp. at 1266-68. The district court granted relief in the form of a writ of audita querela. Id. at 1269. Prado-Perez, however, did not ask a district court for relief under Rule 60(b)(6). He raised his audita querela argument for the first time before the BIA. Even though Prado-Perez has significant equities, his appeal from a final order of deportation is not the correct forum to vacate his prior conviction. Therefore, we conclude that the issue of the availability of the writ is not properly before us.
 
 
 10
 Accordingly, the decisions of the immigration judge and the BIA are AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Four circuit courts of appeals have specifically found that Salgado 's reasoning was incorrect. See United States v. Johnson, 962 F.2d 579, 583 (7th Cir.1992); United States v. Reyes, 945 F.2d 862, 866 (5th Cir.1991); United States v. Holder, 936 F.2d 1, 3 (1st Cir.1991); United States v. Ayala, 894 F.2d 425, 428-30 (D.C.Cir.1990). These courts conclude that the writ of audita querela is only available where there is a legal, rather than an equitable, objection to a conviction. Id. The Ninth Circuit has not addressed the issue