UNITED STATES of America, Appellant,

v.

Nabih TABLIE, Defendant–Appellee.

No. 1060, Dockets 98–1342.

United States Court of Appeals, Second Circuit.

Argued Jan. 11, 1999.

Decided Jan. 29, 1999.

Marc Gromis, Assistant United States Attorney, Buffalo, N.Y. (Denise E. O'Donnell, United States Attorney for the Western District of New York, on the brief), for Appellant.

Thomas J. Eoannou, Buffalo, NY, for Defendant–Appellee.

Before: JACOBS and SOTOMAYOR, Circuit Judges, and SAND,* District Judge.

PER CURIAM:

The government appeals from a judgment of the United States District Court for the Western District of New York (Curtin, *J.*) vacating Nabih Tablie's 10–year–old conviction for conspiracy and making false statements to the Immigration and Naturalization Service. The district court concluded that Tablie's conviction should be vacated on equitable grounds, and cited the All Writs Act, 28 U.S.C. § 1651 (1994), as the sole jurisdictional basis for its ruling. We conclude that there was no independent basis for jurisdiction in this case because the All Writs Act does no more than supplement the express powers of a court in cases in which jurisdiction already exists. We therefore vacate the district court's judgment.

## BACKGROUND

Nabih Tablie, a native of Lebanon, entered the United States on a student visa in 1979 to attend the State University of New York at Buffalo. In an effort to gain permanent resident status, Tablie contracted a sham marriage. In 1986, following a jury trial in the United States District Court for the Western District of New York (Curtin, *J.*), he was convicted of conspiracy to make false statements to the INS and the substantive offense of making the false statements, in violation of 18 U.S.C. §§ 371, 1001, & 1546. The court sentenced Tablie to three years probation and granted Tablie's request for a "Recommendation Against Deportation."[1]

Tablie has been working as a realtor in Buffalo since 1990, when his probation ended. Over the years, Tablie has sought permanent residency, or asylum, in the United States; he contends that his felony convictions constitute the chief impediment. Deportation proceedings are ongoing, but have not yet resulted in a final deportation order.

In April 1998, Tablie petitioned Judge Curtin to vacate his conviction under the All Writs Act or to grant him a writ of *audita querela.*

The district court concluded that the writ of *audita querela* is not a proper means of vacating a legally valid conviction on equitable grounds, a conclusion that Tablie does not contest. But the district court nevertheless agreed to vacate the conviction, citing the All Writs Act as authority. The court adduced several justifications for its ruling: that Tablie was young when he committed his crimes; that he had "paid very dearly"; that he went to trial (rather than pleading guilty) because he believed the court's "Recommendation Against Deportation" would be efficacious; and that subsequent changes in immigration laws had frustrated his efforts to stay in the United States. In addition, the court made findings that Tablie's post-conviction conduct had been upstanding and exemplary:

> [H]e has been a contributing member of this community for almost 19 years and has realized the American dream. He has obtained a college education, owns a home, pays taxes, and has been successful in business. He is someone who any American citizen would be proud to have as a friend, neighbor, or business partner. In order to achieve justice, the All–Writs [A]ct applies here and Nabih Tablie's conviction should be vacated.

The government now appeals.

## DISCUSSION

■ The relevant portion of the All Writs Act reads as follows:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a) (1994) (emphasis added).

As the plain language of the statute demonstrates, the All Writs Act does not confer an independent basis of jurisdiction; it mere-

---

* The Honorable Leonard B. Sand of the United States District Court for the Southern District of New York, sitting by designation.

1. The court's recommendation came pursuant to 8 U.S.C. § 1251(b)(2) (1988), since repealed. *See United States v. Koziel,* 954 F.2d 831 (2d Cir. 1992).

ly provides a tool courts need in cases over which jurisdiction is conferred by some other source. *See United States v. New York Tel. Co.*, 434 U.S. 159, 172, 98 S.Ct. 364, 372, 54 L.Ed.2d 376 (1977) (noting that Act provides authority for issuance of orders needed to "prevent the frustration of orders it has previously issued in its exercise of *jurisdiction otherwise obtained*" (emphasis added)); *Cox v. West*, 149 F.3d 1360, 1363 (Fed.Cir.1998) ("It is well established that the [All Writs Act] does not expand a court's jurisdiction.").

■ *Doe v. INS*, 120 F.3d 200 (9th Cir. 1997), is squarely on point and its reasoning compels the conclusion that the All Writs Act is not an independent source of jurisdiction to equitably undo a valid judgment of conviction in order to avoid deportation. In that case, John Doe's previous federal drug conviction frustrated his efforts to remain in the United States. *See id.* at 201–02. He sought a writ of *audita querela* in the district court to vacate his prior conviction. Doe had provided valuable assistance to the Drug Enforcement Administration, which supported his effort to remain in the United States and said that his life would be in danger if he were returned to Mexico. *See id.* at 202. The district court granted the writ because of "the specific facts and equities of this case." *Id.* In reversing, the Ninth Circuit noted that historically the writ of *audita querela* was unavailable to provide relief for purely equitable reasons. The writ is available only when there was a "legal defect in the conviction." *Id.* at 203 (quoting *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir.1992)). "Equities or gross injustice, in themselves, will not satisfy the legal objection requirement and will not provide a basis for relief." *Id.* (quoting same).

In the alternative, Doe argued (as Tablie argues and the district court here concluded) that he could obtain relief "under the All Writs Act generally." *Id.* at 204. The court held that the All Writs Act "is not a grant of plenary power to the federal courts," but instead "is designed to preserve jurisdiction that the court has acquired from some other independent source in law." *Id.* at 204–05 (quoting *Jackson v. Vasquez*, 1 F.3d 885, 889 (9th Cir.1993)) (internal quotation marks omitted). The All Writs Act could not assist Doe, because he "identified no independent source in law that empowers federal courts to vacate convictions to shield defendants from deportation." *Id.* at 205.

In rejecting Doe's *audita querela* and All Writs Act arguments, the court also noted separation of powers concerns. *See id.* at 204–05. To allow the courts to void legally sound convictions solely to forestall deportation would "usurp the power of Congress to set naturalization and deportation standards and the power of the INS to administer those standards in each individual case, as well as the power of the executive to prosecute criminal offenses." *Id.* at 204 (quoting *United States v. Reyes*, 945 F.2d 862, 866 (5th Cir. 1991)). Likewise, equitable vacaturs would trench upon the presidential pardon power. *See id.*

### CONCLUSION

We endorse *Doe*'s reasoning regarding the All Writs Act and conclude that the district court was without jurisdiction to vacate Tablie's conviction. Accordingly, the judgment of the district court is vacated (resulting in the restoration of Tablie's conviction), and the court is directed to deny Tablie's petition.