UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

ANTHONY GRANDISON,
　　　　　*Defendant-Appellant.*

No. 03-6099

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CA-02-3241-H, CR-79-189-H)

Submitted: August 29, 2003

Decided: September 11, 2003

Before WILKINSON, NIEMEYER, and WILLIAMS,
Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Anthony Grandison, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony Grandison was convicted in 1979 of assault on federal officers, carrying a firearm during the commission of a felony, and possession of a firearm by a convicted felon. His aggregate five-year sentence for those offenses expired long ago. Grandison's numerous previous attempts to overturn his convictions were unsuccessful. Most recently, he filed a "petition for writ of audita querela or, in the alternative, a petition for writ of error coram nobis." The district court sua sponte determined that Grandison could challenge the convictions in a petition for a writ of audita querela.[1] However, the court found that the claims raised in the petition lacked merit. The court denied the petition for a writ of audita querela and denied Grandison's motion for reconsideration of that decision. For the reasons that follow, we affirm.

We agree with those courts that have found that a petition for writ of error audita querela is not an acceptable method of challenging a conviction and sentence when the petitioner is no longer "in custody" pursuant to that conviction and relief under 28 U.S.C. § 2255 (2000) is no longer available. In such a circumstance, courts have determined that the proper method of challenging a conviction is through a petition for writ of error coram nobis. *See INS v. Doe*, 120 F.3d 200, 204 n.5 (9th Cir. 1997); *United States v. Reyes*, 945 F.2d 862, 865 n.5 (5th Cir. 1991); *United States v. Ayala*, 894 F.2d 425, 429 (D.C. Cir. 1990). We therefore conclude that the district court should have treated Grandison's petition as one for a writ of error coram nobis.

Grandison claimed first that he was tried in violation of the Interstate Agreement on Detainers (IAD). Even if Grandison's several brief appearances in federal court while he was in state custody constituted an IAD violation, we conclude that this is not the sort of fundamental error requiring issuance of the writ. *See United States v. Morgan*, 346 U.S. 502, 511 (1954); *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988).

---

[1]The district court expressed no opinion as to whether a petition for a writ of error coram nobis was also available to Grandison.

Grandison also asserts that, because the gun he possessed did not travel in interstate commerce during the time he possessed it, the crucial interstate commerce nexus for his firearms convictions did not exist.[2] He seeks to benefit from *Jones v. United States*, 529 U.S. 848, 850-51 (2000), *United States v. Morrison*, 529 U.S. 598, 602 (2000), and *United States v. Lopez*, 514 U.S. 549, 559-68 (1995). None of these cases renders 18 U.S.C. § 922(g) (2000), the precursor to a statute pursuant to which Grandison was convicted, unconstitutional. *See United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001). Further, the firearm had a sufficient, de minimis connection to interstate commerce to justify the convictions on the firearms charges. Grandison is not entitled to the extraordinary remedy of coram nobis on this claim.

We accordingly affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]Grandison does not allege that the indictment did not allege the requisite nexus or that evidence was not presented that the firearm at one time had traveled in interstate commerce.