Javier A. CORRAL, Petitioner,

v.

UNITED STATES of America, Respondent.

Case No. 1–06–cv–051.

United States District Court, D. North Dakota, Southwestern Division.

June 29, 2006.

Javier A. Corral, Pro se.

**ORDER DENYING PETITIONER'S "WRIT OF ERROR AUDITA QUERELA TITLE 28 U.S.C. § 1651," AND MOTION TO APPOINT COUNSEL**

HOVLAND, Chief Judge.

Before the Court is petitioner Javier Corral's pro se pleading entitled "Writ of Error Audita Querela Title 28 U.S.C. § 1651" filed on June 19, 2006. Corral is currently incarcerated at the Federal Correctional Institution in Sheridan, Oregon. On January 8, 2003, Corral pled guilty to one count of conspiracy to possess with intent to distribute controlled substances. *See* Case No. 1:02–cr–051; Docket No. 93. On April 11, 2003, Corral was sentenced to a term of 210 months which was at the low end of the applicable guideline range. *See* Case No. 1:02–cr–051; Docket No. 139.

Corral expressly states that this writ is not, nor should it be construed as, a petition for habeas corpus relief under 28 U.S.C. § 2255. Corral correctly recognizes that any such petition would be successive. Corral previously filed a petition for habeas corpus relief on December 27, 2004. *See* Case No. 1:04–cv–144; Docket No. 1. In his petition, Corral raised arguments under the United States Supreme Court opinion in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and its predecessors *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). On March 30, 2005, this Court dismissed that petition, finding that Corral's sentence did not run afoul of that line of cases.

In his current pleading, Corral essentially reargues *Booker* under the guise of a writ of error *audita querela.* Specifically, Corral contends that if the Sentencing Guidelines had not been mandatory at the time of his sentencing, as *Booker* later held, the Court may have given a lesser sentence. Corral contends that such a writ is available under 28 U.S.C. § 1651 which provides as follows:

### § 1651. Writs

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

■ *Audita querela,* Latin for "the complaint having been heard," is a common law writ of error dating back to the early part of the 14th century. *See* BLACK'S LAW DICTIONARY 141 (8th Ed.2004). At common law, the writ allowed a judgment debtor to obtain equitable relief from a judgment based upon some defense or discharge available after the entry of judgment. *Id.* The writ of *audita querela,* and its counterpart the writ of *corim nobis,* have been expressly abolished in civil cases by Rule 60(b) of the Federal Rules of Civil Procedure. However, these common law writs potentially survive in the federal criminal context based upon the United States Supreme Court's decision in *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), and the All Writs Act. Both writs are available only to the extent that they "fill gaps" in the current system of federal post-conviction relief. *See United States v. Valdez–Pacheco,* 237 F.3d 1077, 1079 (9th Cir.2001).

■ To that end, it is well-established that such writs cannot be used to challenge a conviction or sentence when the same issues could have been raised in a petition under 28 U.S.C. § 2255. *Id.; United States v. Torres,* 282 F.3d 1241, 1245 (10th Cir.2002) ("a writ of audita querela is 'not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255' "); *United States v. Banda,* 1 F.3d 354, 356 (5th Cir. 1993); *United States v. Johnson,* 962 F.2d 579, 582 (7th Cir.1992). This is true even when a particular defendant's petition under Section 2255 would be dismissed as successive. *See e.g., Valdez–Pacheco,* 237 F.3d 1077, 1080. Stated differently, because Section 2255 provides a vehicle for post-conviction relief, there is no "gap" that must be filled by resorting to a common law writ; the fact that a particular defendant's petition under Section 2255 may be dismissed as successive does not create such a "gap." Thus, most courts construe such writs as petitions under Section 2255.

■ Corral challenges his sentence under *Booker.* As the above case law explains, common law writs, such as *audita querela,* are permissible only when other post-conviction relief is unavailable. Admittedly, Corral's challenge can, and previously has been, raised under 28 U.S.C. § 2255. Simply because Corral's petition would be successive, does not alter the fact that Section 2255 provides a vehicle for relief. As stated by one court, "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." *United States v. Valdez–Pacheco,* 237 F.3d 1077, 1080 (9th Cir.2000). Whether the Court construes Corral's pleading as a petition under 28 U.S.C. § 2255,[1] or as a writ

---

1. Due to Corral's earlier habeas petition, this

current pleading, if construed as a petition

of error *audita querela*, the motion is **DE-NIED**. (Docket No. 1). Corral's Motion to Appoint Counsel is also **DENIED**. (Docket No. 3).

**IT IS SO ORDERED**

under Section 2255, would constitute his second such petition. Under the law, a second or successive petition must be certified by the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3); 2255. Corral has presented no evidence of any such certification.