06-1930-cr
USA v. Richter

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

————

August Term, 2007

(Submitted: November 16, 2007          Decided: December 4, 2007 )

Docket No. 06-1930-cr

————

UNITED STATES OF AMERICA,

*Appellee*,

– v. –

KEITH EDWARD RICHTER,

*Defendant-Appellant*.

————

Before: CALABRESI, SOTOMAYOR, and WESLEY, *Circuit Judges*.

Appeal of the district court's denial of a writ of *audita querela* sought by Appellant in order to attack collaterally a criminal sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005).  The writ of *audita querela* is available where the absence of any other avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues.  That is not the case here, however, because *Booker* does not apply retroactively to cases on collateral review, and therefore no serious constitutional questions are raised.

The judgment of the district court is affirmed.

> Peter A. Norling, Assistant United States Attorney, *for*
> Roslynn R. Mauskopf, United States Attorney for the
> Eastern District of New York (David C. James, Assistant
> United States Attorney, *on the brief*), Brooklyn, N.Y., *for*

*Appellee.*

Keith Edward Richter, *pro se*, Lewisburg, Pa., *Defendant-Appellant*.

---

PER CURIAM:

Defendant-Appellant Keith Richter was convicted in 1998 of conspiracy and attempted murder in aid of racketeering and assault with a dangerous weapon in aid of racketeering, both in violation of 18 U.S.C. § 1959(a). He was sentenced to 192 months in prison, and he did not file a direct appeal. In 2006, he petitioned for a writ of *audita querela* in order, pursuant to *United States v. Booker*, 543 U.S. 220 (2005), to attack his sentence collaterally. The district court (Denis, *J.*) denied his petition; Appellant appeals that denial.

Appellant claims that, because his sentence was based on a statutory regime that was held unconstitutional in *Booker*, his sentence is a nullity. And because he is time-barred from bringing this *Booker* claim under 28 U.S.C. §§ 2255, 2241, or 2244, he asserts that a writ of *audita querela* is both the appropriate and the only available avenue of relief.

We review *de novo* a district court's grant or denial of a writ of *audita querela*. *See United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005) (per curiam); *United States v. Hovsepian*, 359 F.3d 1144, 1153 (9th Cir. 2004); *United States v. Johnson*, 962 F.2d 579, 581 (7th Cir. 1992). The writ has been abolished with respect to civil cases, *see* Fed. R. Civ. P. 60(b), but it remains available in limited circumstances with respect to criminal convictions. Specifically, it "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995) (citing *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991)); *see also United States*

-2-

*v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam) (noting that the writ "survive[s] only to the extent that [it] fill[s] 'gaps' in the current systems of postconviction relief").

We have previously indicated that a writ of *audita querela* "might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244." *Triestman v. United States*, 124 F.3d 361, 380 n.24 (2d Cir. 1997). As the Third Circuit has noted, "[w]ere no other avenue of judicial review available for a party who claims that s/he is factually or legally innocent as a result of a previously unavailable statutory interpretation, we would be faced with a thorny constitutional issue." *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997). In such a situation, the *Dorsainvil* court said that the writ of *audita querela* might be available. *Id*. But the court did not ultimately decide that question because it held that § 2241 habeas relief was in fact available in the case before it. *Id*. In other words, if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of *audita querela* would lie.

The instant case, however, does not present such a situation. "*Booker* does not apply retroactively to cases on collateral review . . . ." *Guzman v. United States*, 404 F.3d 139, 140 (2d Cir. 2005). There is, therefore, no colorable claim of a constitutional violation, and, hence, the absence of other avenues of collateral attack does not give rise to serious constitutional questions. As a result, a writ of *audita querela* does not lie. The judgment of the district court is AFFIRMED.