Green, Judge,
delivered the opinion of the court.
This bill was filed to enjoin an execution issuing out of the Supreme Court, on the ground that it has been discharged and satisfied.
The bill states that in the year 1833, the defendant, Haywood, recovered a judgment for $700 or $800 in the Supreme Court, against Marsh, the complainant, and one Thos. Ross; that a short time after the rendition of the judgment, Ross paid into the clerk’s office at Nashville, one half of said judgment, and that an execution issued for the balance due thereon, which was fully paid- and satisfied in a settlement between the complainant and defendant, notwithstanding which, the said Haywood has lately caused an execution to be run against the complainant for one half of the judgment aforesaid.
The defendant admits in his answer, that he received a note of $50, which the complainant held on him as part payment of the sum due on the execution; and states that the complainant represented that he had other notes on defendant to the amount of $250 or $300, which he offered to give *213 up in further discharge of the execution, and which the defendant agreed to receive in that way.
He exhibits a note from the complainant, dated 22d June, 1834, stating that he was ready to pay the costs whenever the amount could be ascertained, and that he would meet the defendant at any convenient place and pay him, and let him have his notes.
The answer states that the notes here mentioned, were afterwards put in suit, and the defendant was compelled to pay them — -and no part of the execution has been paid, except the $50 aforesaid.
Proof has been taken showing that the execution, or a large portion of it has been satisfied by some arrangement between the parties. The' Chancellor dissolved the injunction on the coming in of the answer, and the defendant has had satisfaction of the execution.
On the final hearing the bill was dismissed for want of jurisdiction, and the defendant was ordered to refund the sum collected on the dissolution of the injunction, but had leave to sue out his execution from the Supreme Court on the original judgment. From this decree the defendant appealed.
1st. We think his honor, the Chancellor, erred in decreeing that the defendant refund the money collected, if, as he supposed, the court had no jurisdiction of the cause. When the jurisdiction fails all the power of the court also fails, except to give judgment for costs. 2 Dev. & Bat. L. and Eq. R. 501.
2d. But we are of opinion, that the case made by the bill and answer, is fit for equitable relief. Possibly a demurrer to the bill would have been allowed; but the defendant chose to answer, and contest the merits of the case. No objection to the jurisdiction can now be heard, unless the cause is of a character unfit for equitable relief. Unquestionably the simple and proper remedy where an execution has been satisfied and the plaintiff refuses to enter the satisfaction, is by motion. If in vacation, the execution is in the hands of an officer for collection, a supersedeas may be granted upon a proper application; and at the next term, the court may, on motion hear proof, and order the satisfaction to be entered.— This summary remedy has been adopted to save the trouble *214 and expense of resorting to the audita querela. Where a party has good matter to plead in discharge which has happened since the judgment, an audita querela would lie in the nature of a bill in equity to relieve him against the oppression of the plaintiff. But the indulgence of the court in granting summary relief upon motion where the remedy was formerly by audita querela, has occasioned this remedy to be very rarely resorted.to in England. Nevertheless, where the ground of relief is. a release; where there may be some doubt about the execution, or some matter of fact which cannot be clearly ascertained, and, therefore, proper to .be tried, the court has driven the defendant to his audita querela; 2 Black. Com. 406 and note 3. But the audita querela is obsolete in this country, and therefore, if the case present complication and difficulty, or where the facts may be in the knowledge of the other party, a bill in chancery is the proper remedy.
In the case before us, it is manifest from the bill and answer, that the parties had some settlement of the matter now in controversy, and satisfaction has been received to some extent by the defendant. He states an agreement to receive satisfaction in his own notes, and he makes an exhibit of a letter of the complainant recognizing such agreement.
From his own confession satisfaction has been made, at least in part; and although the complainant might have obtained relief by motion in this court — yet, as the defendant has answered the bill, and the trial of all these facts on motion would have been embarrassing, we do not think the complainant ought to be refused the relief he seeks in equity.
The decree will be reversed, and the cause will be referred to the clerk and master to take an account and state what payments have been made upon the execution, and to what extent it has been satisfied, and he may hear additional testimony.