**640**

**UNITED STATES of America, Plaintiff,**

v.

**Enrique FONSECA–MARTINEZ, Defendant.**

CR No. 86–133–FR.

United States District Court, D. Oregon.

July 28, 1993.

Jack C. Wong, U.S. Atty., Frank Noonan, Asst. U.S. Atty., Portland, OR, for plaintiff.

Martin Resendez Guajardo, San Francisco, CA, for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the petition of the defendant, Enrique Fonseca–Martinez, for a writ of *audita querela* (# 129).

## BACKGROUND

Fonseca–Martinez was charged with the crime of possession with the intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). Fonseca–Martinez pled guilty to the charge. He was sentenced by this court to a three-year term of imprisonment, to be followed by a three-year term of probation.

Since Fonseca–Martinez will be deported by the Immigration and Naturalization Service upon his release from prison as a result of this conviction, he has filed a petition for a writ of *audita querela*. He seeks an order of the court vacating the judgment of conviction or, in the alternative, ordering the United States to show cause why the judgment of conviction should not be set aside.

## CONTENTIONS OF THE PARTIES

Fonseca–Martinez states that he is a thirty-six year old citizen of the country of Mexico who has resided in the United States on a permanent basis since January 6, 1983. Fonseca–Martinez states that he is married and has two children and is the main provider for his wife and children.

Fonseca–Martinez states that he has applied for "Suspension of Deportation under INA Section 244(a)(2)." Petition for Writ of *Audita Querela*, p. 6. He claims that because he has demonstrated remorse for the commission of the crime of conviction and a determination to repair his life, the prospective operation of the criminal judgment works a hardship and an injustice upon him.

The United States contends that the redress afforded by a writ of *audita querela* is not equitable in nature, and that to grant the relief sought by Fonseca–Martinez would vio-

late the balance of power between the judicial and the legislative branches of government.

## APPLICABLE LAW

The writ of *audita querela* as applied to civil judgments was expressly abolished by the amendments to Fed.R.Civ.P. 60(b) effective in 1948. In *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), the Court held that the writ of *coram nobis* was still available in criminal proceedings, leading the lower court to conclude that Rule 60(b) may not have abolished the writ of *audita querela* as applied to criminal convictions.

Three circuits have now questioned, without deciding, whether a writ of *audita querela* is ever available to vacate an otherwise final criminal conviction. *See United States v. Holder,* 936 F.2d 1 (1st Cir.1991); *United States v. Ayala,* 894 F.2d 425 (D.C.Cir.1990); and *United States v. Kimberlin,* 675 F.2d 866 (7th Cir.), *cert. denied,* 456 U.S. 964, 102 S.Ct. 2044, 72 L.Ed.2d 489 (1982).

Even where the courts have assumed that, in some set of circumstances, a writ of *audita querela* might appropriately afford post-conviction relief to a criminal defendant, the courts have limited the availability of the writ to remedy a legal defect in or defense to the underlying judgment and was not available on purely equitable grounds. *See United States v. Reyes,* 945 F.2d 862 (5th Cir.1991); *United States v. Holder;* and *United States v. Ayala.* In *United States v. Reyes,* the court explained:

> In fact, allowing a writ of *audita querela* to vacate a conviction on the purely equitable grounds that Reyes argues "purports to add a new remedy in the federal post-conviction remedial scheme." There seems to be no adequate statutory or historical warrant to authorize federal courts to grant such relief. Moreover, allowance of such an equitable remedy does not properly account for separation-of-powers concerns.

945 F.2d at 866 (citation omitted).

## ANALYSIS

Fonseca–Martinez does not challenge any aspect of his plea or of his sentence. Fonseca–Martinez contends only that because of his family ties, length of residency and demonstrated rehabilitation, his conviction and deportation that will follow his release are not in the interests of justice and work a hardship and an injustice upon him; however, this court does not have the power in an exercise of judicial discretion to vacate an otherwise valid criminal conviction on purely equitable grounds. Even if this court had broad equitable powers to find Fonseca–Martinez exempt from the operation of a law that applies to all other individuals, the court would not exercise its discretion in this case.

Fonseca–Martinez has applied for suspension of deportation under the immigration statutes and must rely upon that process. This court will not vacate a valid criminal judgment on the purely equitable grounds stated by Fonseca–Martinez.

## CONCLUSION

The petition of Fonseca–Martinez for a writ of *audita querela* (# 129) is denied.