**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Enrique FONSECA–MARTINEZ,**
**Defendant–Appellant.**

No. 93–30410.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 1994.*

Decided Sept. 14, 1994.

---

* The panel unanimously agrees that this case is appropriate for submission without oral argu-   ment. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Martin Resendez Guajardo, San Francisco, CA, for defendant-appellant.

Frank Noonan, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: TANG and WIGGINS, Circuit Judges, and HENDERSON,** District Judge.

PER CURIAM:

Defendant-appellant Enrique Fonseca–Martinez petitioned the district court, requesting that it exercise its power to issue the little-used common law writ of *audita querela* to vacate his 1987 conviction on a federal drug offense. The district court denied defendant's petition and Fonseca–Martinez appealed. For the reasons that follow, we affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

Appellant, a thirty-six year old citizen of Mexico and legal resident of the United States, pleaded guilty in 1987 to one count of possessing heroin with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Appellant was sentenced to three years imprisonment to be followed by a period of three years probation. Appellant served the prison sentence and was released. Subsequently, he was arrested again and convicted

** Honorable Thelton E. Henderson, Chief Judge, U.S. District Court for the Northern District of

in Oregon state court on April 29, 1993 on a misdemeanor charge of receipt of stolen auto parts.

Because of his 1987 drug conviction, the U.S. Immigration and Naturalization Service (INS) entered an order of deportation against appellant. On May 27, 1993, appellant filed a petition for writ of *audita querela* in the federal district court in which he was convicted in 1987 of the drug charge, seeking to have the conviction vacated. Appellant did not contend that the conviction was improper in any respect. Rather, he sought to have it vacated solely on equitable grounds, arguing that, aside from that offense, he has been an upstanding resident and therefore deserved to be afforded a second chance by having the conviction expunged. The vacating of his federal conviction might enable appellant to avoid deportation since it was on the basis of that conviction that he was ordered deported under § 241(a)(11) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1251(a)(11), and the conviction rendered him ineligible for relief from deportation under INA § 212(c), 8 U.S.C. § 1182(c).

The district court denied appellant's petition for writ of *audita querela* on the ground that, as a matter of law, the writ may not issue to vacate an otherwise valid criminal conviction solely on equitable grounds. 827 F.Supp. 640 (D.Or.1993). This appeal followed.

## II. STANDARD OF REVIEW

The question of whether a writ of *audita querela* may issue to vacate a criminal conviction solely on equitable grounds is a question of law that is reviewed *de novo* by the court of appeals. *United States v. Johnson*, 962 F.2d 579, 581 (7th Cir.1992).

## III. DISCUSSION

### A. BACKGROUND ON THE WRIT OF *AUDITA QUERELA*

" 'Audita querela' was a common law writ to afford relief to a judgment debtor against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment or the

California, sitting by designation.

issue of the execution." 11 Wright & Miller, *Federal Practice and Procedure* § 2867, at 235 (1973). No statute expressly authorizes federal courts to grant relief in the form of a writ of *audita querela*. However, the Supreme Court has held that courts may issue writs lacking an express statutory basis pursuant to their general authority to issue common law writs under the All Writs Act, 28 U.S.C. § 1651(a).[1] *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (writ of error *coram nobis*).

In the nineteenth century, federal courts regarded the writ as an available remedy, at least in civil cases. *See, e.g., Butler v. Eaton*, 141 U.S. 240, 243, 11 S.Ct. 985, 986, 35 L.Ed. 713 (1891); *Avery v. United States*, 79 U.S. (12 Wall.) 304, 307, 20 L.Ed. 405 (1870); *Humphrey's v. Leggett*, 50 U.S. (9 How.) 297, 314, 13 L.Ed. 145 (1850). Amendments to Fed.R.Civ.P. ("Rule") 60(b) that took effect in 1948 expressly abolished *audita querela*, along with several related common law writs including the writ of error *coram nobis*.[2] However, the Supreme Court subsequently ruled that, as regards *coram nobis*, the amendments to Rule 60(b)—a rule of *civil* procedure—abolished the writ only in *civil* cases and that the writ is still available to challenge criminal convictions. *United States v. Morgan*, 346 U.S. 502, 505 n. 4, 74 S.Ct. 247, 249 n. 4, 98 L.Ed. 248 (1954). Lower federal courts have held that, similarly, the Rule 60(b) amendments did not abolish *audita querela* insofar as it applied in criminal cases. *United States v. Ayala*, 894 F.2d 425, 428 n. 4 (D.C.Cir.1990); *United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir.), *cert. denied*, 456 U.S. 964, 102 S.Ct. 2044, 72 L.Ed.2d 489 (1982).

It had also been argued that in enacting the modern federal prisoner habeas corpus statute, 28 U.S.C. § 2255, Congress intended that statute to be the exclusive avenue for challenging federal convictions, and that the statute therefore implicitly abolished all other common law writs insofar as they applied to federal criminal convictions. However, in *Morgan* the Supreme Court rejected this argument, stating "Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions." *Morgan*, 346 U.S. at 511, 74 S.Ct. at 252 (quoting *United States v. Hayman*, 342 U.S. 205, 219, 72 S.Ct. 263, 272, 96 L.Ed. 232 (1952)).

## B. WHETHER THE WRIT OF *AUDITA QUERELA* MAY ISSUE TO VACATE AN OTHERWISE VALID CRIMINAL CONVICTION SOLELY ON EQUITABLE GROUNDS

■ In this case, the district court denied relief on two separate grounds. First, the court held that a writ of *audita querela* may not, as a matter of law, issue to vacate an otherwise valid criminal conviction solely on equitable grounds. Second, the Court ruled that even if a writ of *audita querela* may issue on such grounds, the court declined to exercise its discretion to grant such relief in this case. Appellant seeks reversal arguing (1) that the writ may issue on equitable grounds, and (2) that the equities of his case are sufficiently compelling to warrant such relief.

In two reported cases, district courts have granted writs of *audita querela* to vacate federal criminal convictions solely on equitable grounds—that is, not based on any error in the conviction—in order to protect defendants from adverse collateral consequences. *See United States v. Ghebreziabher*, 701 F.Supp. 115 (E.D.La.1988); *United States v. Salgado*, 692 F.Supp. 1265 (E.D.Wash.1988); *see also United States v. Javanmard*, 767 F.Supp. 1109 (D.Kan.1991) (declining to grant writ of *audita querela* but granting relief directly under All Writs Act). In all of these cases, the defendant was a resident alien and the adverse collateral consequence was immigration-related.

---

1. The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

   28 U.S.C. § 1651(a).

2. The amended Rule 60(b) states, in pertinent part:

Writs of *coram nobis, coram vobis, audita querela*, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

However, every court of appeals to consider the question has ruled that, as a matter of law, the writ of *audita querela* is not available to vacate an otherwise valid conviction for solely equitable reasons. *See United States v. Johnson*, 962 F.2d 579 (7th Cir. 1992); *United States v. Reyes*, 945 F.2d 862 (5th Cir.1991); *United States v. Holder*, 936 F.2d 1 (1st Cir.1991); *see also United States v. Ayala*, 894 F.2d 425 (D.C.Cir.1990) (strongly indicating that writ not available on solely equitable grounds but ultimately finding it unnecessary to rule on the issue).

We conclude that in this case it is not necessary for this court to decide whether the writ may ever issue solely on equitable grounds. The court of appeals may affirm so long as there exists any ground, fairly supported in the record, that supports the district court's ruling. *Golden Nugget, Inc. v. American Stock Exch., Inc.*, 828 F.2d 586, 590 (9th Cir.1987). In this case it is clear that even assuming *arguendo* the writ is available to vacate legally valid convictions for solely equitable reasons in cases presenting unusually compelling facts, appellant's case does not present sufficient equities to justify the issuance of the writ. The equities cited by appellant as entitling him to relief are (1) his length of residency—he has resided in the U.S. for more than ten years; (2) his family ties—he is married to a U.S. citizen with whom he has three U.S. citizen children; (3) his alleged rehabilitation—the 1987 conviction has been his only drug offense (although he has recently been convicted on the misdemeanor charge of receipt of stolen goods); and (4) the fact that he fully supports his family by employment in his own auto detailing business. Although these considerations are not insignificant and appellant's accomplishments are admirable, they do not appear particularly unusual and are by no means comparable to the facts presented in *Salgado* and *Ghebreziabher* that were found to warrant *audita querela* relief. *See Salgado*, 692 F.Supp. at 1266 (alien with U.S. citizen wife, who lived as "a model resident" for almost 40 years in U.S., requesting vacation of a minor conviction); *Ghebreziabher*, 701 F.Supp. at 117 (alien with four U.S. citizen children, facing deportation to Ethiopia in midst of civil war, requesting vacation of a misdemeanor conviction). Accordingly, the Court holds that even if, in cases presenting unusually compelling equities, a writ of *audita querela* may issue on solely equitable

grounds, the instant case does not present equities sufficient to justify issuance of the writ. Thus, the district court did not err in denying appellant's petition.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.