56 F.3d 72
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Benjamin MARQUEZ-SALAS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-17148.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 17, 1995.
Decided May 19, 1995.
 
 Before: FLETCHER, REINHARDT, NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 BACKGROUND
 
 2
 In 1983, Benjamin Marquez-Salas, a Mexican citizen, entered the United States without inspection. He worked at various jobs saving money to relocate his family to the United States. In 1986, he returned to Mexico and retrieved his wife and three children. The Marquez-Salas family entered the United States on visitors' visas in September, 1986. The visas expired after six months, but the family remained.
 
 
 3
 In August, 1990, Marquez-Salas applied for a U.S. passport under the name of Jose Luis Sandoval. He presented false identification in support of this application. The passport office discovered the fraud, and Marquez-Salas was arrested. On February 4, 1991, he pled guilty to the felony of willfully and knowingly making a false statement in an application in violation of 18 U.S.C. Sec.1542. He was sentenced to two years probation, and he received an early discharge after twenty months. While he was on probation, Marquez-Salas rescued two people from a burning car.
 
 
 4
 In June, 1992, the INS commenced deportation proceedings against Marquez-Salas and his family. In June, 1993, Marquez-Salas' employer, Food City, submitted an application for Alien Employment Certification on behalf of Marquez-Salas.[1] Food City employed him as a butcher/apprentice meat cutter. Marquez-Salas' conviction stands as a bar to Alien Employment Certification, and accordingly, Marquez-Salas petitioned the district court for a writ of audita querela to vacate his conviction. Because Marquez-Salas' petition was premised solely on equitable grounds rather than a legal defect or defense, the district court denied the petition. This appeal followed, and we affirm.
 
 ANALYSIS
 
 5
 Whether a writ of audita querela may issue to vacate a criminal conviction on purely equitable grounds presents a question of law that is reviewable de novo. United States v. Fonseca-Martinez, 36 F.3d 62 (9th Cir. 1994). Audita querela is a common law writ permitting a defendant to obtain relief against a judgment because of a defense or discharge arising subsequent to the rendition of the judgment. 11 Charles A. Wright & Authur R. Miller, Federal Practice and Procedure Sec. 2867, at 235 (1973). The precise origins and contours of the writ are uncertain. However, historically, it was primarily employed to provide relief for judgment debtors. On appeal, the government argues that the writ of audita querela has been abolished completely, and that accordingly, the district court lacked jurisdiction to entertain the petition. However, we need not address that contention. Even if we assumed that the writ remains viable, we conclude that Marquez-Salas has failed to demonstrate the level of equities necessary to warrant such extraordinary relief.
 
 
 6
 Marquez-Salas does not complain of any error underlying his criminal conviction, rather he argues that the lingering consequences of his conviction -- ineligibility for labor certification under the Immigration and Nationality Act -- are inequitable. The government argues that audita querela, if available at all, is only available to cure legal defects in an underlying criminal conviction that arise subsequent to conviction or to allow assertion of a legally cognizable defense that became available only after judgment. The government points to the traditional definition of audita querela which contains the phrase "defense or discharge arising since [the judgment's] rendition."
 
 
 7
 This same issue was presented in United States v. Fonseca-Martinez, 36 F.2d 62 (9th Cir. 1994). Fonseca-Martinez, a legal resident, sought vacation of his 1987 drug conviction through writ of audita querela to avoid being deported for the drug offense after his sentence was completed. Fonseca-Martinez did not allege any legal defects with his conviction, but rather argued that the equities of his case warranted giving him a second chance by expunging his criminal record. The district court denied the petition. On appeal, the court declined to resolve the issue of the continued viability of the writ, ruling that "it is clear that even assuming arguendo the writ is available to vacate legally valid convictions for solely equitable reasons in cases presenting unusually compelling facts, appellant's case does not present sufficient equities to justify the issuance of the writ." 36 F.2d at 65.
 
 
 8
 Here, Marquez-Salas asserts that the grant of audita querela is warranted because his conduct since the time of his conviction demonstrates that he is a productive member of society, that he lacks a criminal nature, and that he poses no threat to society. To demonstrate this, he points to his steady job, his employer's application for labor certification on his behalf, his children's status as honor roll students, and his rescue of two people from a burning car.[2]
 
 
 9
 The "equities" pointed to by Marquez-Salas do not rise to the level of those found in cases granting the writ. See United States v. Salgado, 692 F. Supp. 1265 (E.D. Wash. 1988) (alien who was married to a U.S. citizen and entered the United States on lawfully obtained green card was arrested and put into deportation proceedings after having lived almost 45 years in the United States, with only a single minor conviction to mar his record); United States v. Ghebreziabher, 701 F. Supp. 115 (E.D. La. 1988) (alien faced deportation to Ethiopia in the midst of a violent civil war after living in the United States for ten years with his four United States citizen children and incurring three misdemeanor food stamp trafficking convictions).
 
 
 10
 Moreover, they are not significantly more compelling than the ones in Fonseca-Martinez. In the latter case, the equities cited were: 1) length of residence -- more than 10 years; 2) family ties -- married to U.S. citizen wife with three U.S. citizen children; 3) alleged rehabilitation; and 4) the fact that he fully supports his family through his own business. The court found these equities to be "admirable" but not "particularly unusual." 36 F.2d at 65. The same is true for Marquez-Salas. Moreover, unlike the aforementioned plaintiffs, Marquez-Salas has not had a longstanding legal residence in the United States; he has no U.S. citizen family members; and his conviction is one for a felony. Unfortunately, while Marquez-Salas' heroism is most admirable, it is not sufficient to warrant issuance of the writ, even when considered in the light of other equities.
 
 CONCLUSION
 
 11
 Without deciding the question of whether audita querela is ever available on purely equitable grounds, we find that the facts of this case do not render it truly exceptional.
 
 
 12
 AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 An alien can obtain a permanent visa through a U.S. employer, if no willing and qualified U.S. workers are available for the position, and employment of the alien for that position would not adversely affect the wages and working conditions of similarly situated U.S. workers. See 8 U.S.C. Sec.1182(5)(A)
 
 
 [2]
 He also notes that one of the rescued parties dropped a wallet containing a large sum of cash. Rather than keeping it, Marquez-Salas returned it to the victim's pocket