134 F.3d 1379
 98 Cal. Daily Op. Serv. 517, 98 Daily Journal
D.A.R. 703
Carlos Arturo BELTRAN-LEON, a.k.a. Humberto
Siqueido-Barraza, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70757.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 4, 1997.
Decided Jan. 21, 1998.
 
 Stephen Shaiken (argued), Iraj Shahrok (on the brief), San Francisco, California, for petitioner.
 Alison Igoe (argued) and Ann Varnon Crowley (on the brief), United States Department of Justice, Washington, DC, for respondent.
 Petition for Review of a Decision of the Board of Immigration Appeals. INS No. Axd-pdw-zzw.
 Before: FERGUSON, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 FERGUSON, Circuit Judge:
 
 
 1
 Carlos Beltran-Leon appeals the denial of his motion to reopen and terminate deportation proceedings by the Board of Immigration Appeals ("BIA"). We dismiss the appeal for lack of jurisdiction.
 
 FACTS
 
 2
 On October 27, 1992, pursuant to Section 241 of the Immigration and Nationality Act ("INA"), an immigration judge found Beltran-Leon deportable for (1) having been convicted pursuant to a guilty plea of possession for sale of cocaine; and (2) for having entered the United States without inspection. See 8 U.S.C. § 1251(a)(1)(B); 8 U.S.C. § 1251(a)(2)(B)(i). The BIA denied Beltran-Leon's appeal of the immigration judge's finding on April 22, 1993.
 
 
 3
 On July 28, 1993, a California Superior Court judge vacated Beltran-Leon's drug conviction pursuant to a writ of audita querela. Beltran-Leon then moved the BIA to reopen his deportation proceedings on the ground that the conviction on which his deportation had been based no longer existed. Beltran-Leon also argued that reopening the proceedings would enable him to readjudicate his legalization application and apply for adjustment of status. The BIA denied the motion on September 9, 1996, solely on the ground that the writ was ineffective for immigration purposes.
 
 STANDARD OF REVIEW
 
 4
 This Court reviews de novo the BIA's determination of purely legal questions, such as the effectiveness of a writ of audita querela for purposes of immigration. See, e.g., Arrieta v. INS, 117 F.3d 429, 430 (9th Cir.1997); Singh v. INS, 94 F.3d 1353, 1358 (9th Cir.1996).
 
 DISCUSSION
 
 5
 Section 440(a) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended the INA to revoke this Court's jurisdiction to review final orders of deportation for persons convicted of certain, enumerated criminal offenses, including drug trafficking. See Pub.L. 104-132, § 440(a), 100 Stat. 1276-77 (1996); see also Duldulao v. INS, 90 F.3d 396, 398 (9th Cir.1996). Beltran-Leon's guilty plea qualifies as a drug conviction for purposes of this statute. See AEDPA Section 322, Pub.L. No. 104-208, 110 Stat. 3009-628 (1996). Moreover, "where Congress explicitly withdraws [the Court's] jurisdiction to review a final order of deportation, [its] authority to review motions to reconsider or to reopen deportation proceedings is thereby likewise withdrawn." Sarmadi v. INS, 121 F.3d at 1322.
 
 
 6
 Beltran-Leon argues, however, that the writ of audita querela issued by the state court restores this Court's jurisdiction to review his motion to reopen deportation proceedings. Under common law, the writ of audita querela afforded relief where a defense arose subsequent to the issuance of final judgment. United States v. Fonseca-Martinez, 36 F.3d 62, 63 (9th Cir.1994). In 1946, amendments to Federal Rule of Civil Procedure 60(b) expressly abolished several common law writs, including the writs of audita querela and coram nobis. Fed.R.Civ.P. 60(b). Nevertheless, in 1954 the Supreme Court held that this abolition applied only to civil writs and that district courts retained authority to issue writs of coram nobis in collateral criminal proceedings. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).
 
 
 7
 "The teaching of Morgan is that federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." United States v. Ayala, 894 F.2d 425, 428 (D.C.Cir.1990); see also Doe v. INS, 120 F.3d 200, 203 (9th Cir.1997). Therefore, in the proper case, the writ of audita querela may be available to provide relief from the consequences of a conviction.
 
 
 8
 We have recently held, however, that in order for a writ of audita querela to issue, there "must be a legal defect in the conviction, or in the sentence which taints the conviction. Equities or gross injustice, in themselves, will not satisfy the legal objection requirement and will not provide a basis for relief." Doe, 120 F.3d at 203 (quoting United States v. Johnson, 962 F.2d 579, 582 (7th Cir.1992)).[1]
 
 
 9
 Beltran-Leon does not identify any new defense or legal defect in his conviction. Nor did Beltran-Leon raise any legal defects in the criminal proceedings in his petition for audita querela before the state court. Beltran-Leon requested that the conviction be set aside solely in order to prevent deportation and the subsequent hardship to himself and his family. Therefore, the state court's writ of audita querela did not remove the legal basis of Beltran-Leon's conviction for purposes of application of federal law.
 
 
 10
 The appeal is accordingly DISMISSED for lack of jurisdiction.
 
 
 
 [1]
 Doe dealt with a writ of audita querela issued by a federal rather than a state court. The principles remain the same, however