# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
May 2000 Session

## DWIGHT SEATON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Sevier County**
**No. 96-313-I     Ben W. Hooper, II, Judge**

---

**No. E1999-01312-CCA-R3-CD**
**August 21, 2000**

---

This appeal arises from the trial court's denial of the petitioner's *pro se* application for habeas corpus relief, based on his claim that his 1988 guilty plea to a state aggravated assault charge was invalid. The petitioner was subsequently convicted in federal court of being a felon in possession of a firearm, and the federal sentence was enhanced using the state conviction based on the allegedly invalid guilty plea. The trial court analyzed the petition as a post-conviction petition, a petition for writ of habeas corpus, and as a petition for writ of error coram nobis, based on the various arguments of the petitioner, and denied relief under any of these vehicles. After a careful review of the record, we affirm the trial court's denial of the petitioner's request for relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Dwight Seaton, Estill, South Carolina, Pro Se.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; and Steven R. Hawkins, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On December 6, 1988, the petitioner, Dwight Seaton, pled guilty in the Sevier County Circuit Court to a charge of aggravated assault. On October 31, 1995, the United States District Court for the Eastern District of Tennessee, sitting at Knoxville, used this conviction to enhance his sentence for being an armed felon in violation of 18 U.S.C. § 922(g)(1). On March 26, 1996, the petitioner filed a federal habeas corpus application in the Sevier County Circuit Court, in which he claimed that the state assault conviction was invalid and should not have been used to enhance the federal sentence. The petitioner alleged that he was not informed at the time of his 1988 guilty plea that the conviction could be used as an enhancement factor in future proceedings, in effect, claiming that his

guilty plea was not knowingly or voluntarily entered. He claims that his attorney was not aware of the fact that the state conviction could be used for enhancement purposes and failed to so advise him.

The trial court dismissed Seaton's petition on November 23, 1999. Giving the *pro se* petitioner substantial leeway in his characterization of his request for relief, the trial court treated the request as a petition for post-conviction relief, a writ of habeas corpus, and a writ of error coram nobis in determining if the petitioner was entitled to any relief. The court denied relief after determining that: (1) the petitioner was not entitled to habeas relief, and federal prisoners were excluded from state courts pursuant to Tennessee Code Annotated § 29-21-102; (2) the three-year statute of limitations had run on a post-conviction petition; and (3) a writ of error coram nobis was likewise not the proper vehicle for the petitioner to obtain relief. The petitioner appealed to this court. Based upon our review of the record, we affirm the dismissal of the petitioner's request for relief.[1]

## Habeas Corpus Relief

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Ritchie, 20 S.W.3d 624 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App.), perm. app. denied, (Tenn. 1994). A void, as opposed to a voidable, judgment has been defined by our supreme court as "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993); Passarella, 891 S.W.2d at 626. Thus, habeas corpus relief is available only when "'it appears upon the face of the judgement or the record of the proceedings upon which the judgement is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Archer, 851 S.W.2d at 164 (citation omitted).

To obtain habeas corpus relief, the petitioner must show by a preponderance of the evidence that his conviction is void and not merely voidable. See Davenport, 980 S.W.2d at 409; Passarella, 891 S.W.2d at 627. Consequently, a petitioner cannot collaterally attack a facially valid judgment of the trial court in a petition for habeas corpus relief. Archer, 851 S.W.2d at 162. The proper means of challenging a facially valid judgment based on a constitutional violation is through a petition for post-conviction relief. Lewis v. Metropolitan Gen. Sessions Court for Nashville, 949 S.W.2d 696, 699 (Tenn. Crim. App. 1996), perm. app. denied, (Tenn. 1997); Fredrick v. State, 906 S.W.2d 927, 929 (Tenn. Crim. App. 1993).

_____

[1]We will likewise analyze the petition as a request for habeas corpus relief, a post-conviction petition, and as a petition for writ of error coram nobis.

Upon reviewing the record, we conclude that the trial court was correct in denying the petitioner habeas relief. The petitioner has not alleged that the state court was without jurisdiction or authority to convict him in 1988 based on the guilty plea. Therefore, the petitioner has not shown that his state conviction is void, as required to obtain habeas relief.

## Post-Conviction Relief

Because the petitioner filed his *pro se* petition on March 26, 1996, it is governed by the 1995 Post-Conviction Procedure Act. Tenn. Code Ann. § 40-30-201 et. seq. (1990 & Supp. 1995). On appeal, we are bound by the trial court's findings of fact unless the record preponderates against those findings. State v. Keith, 978 S.W.2d 861, 864 (Tenn. 1998).

Tennessee Code Annotated § 40-30-210(f) (1997) requires that a post-conviction petitioner prove by "clear and convincing evidence" his allegations regarding constitutional claims. Claims of "deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact," meaning that the review is *de novo*. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999) (citing Goad v. State, 938 S.W.2d 363 (Tenn. 1996)).

First, we note that a post-conviction petition was the proper vehicle for the petitioner to challenge a constitutionally defective guilty plea and subsequent conviction. Although the 1995 Act requires that a post-conviction petition must be filed within one year of the date on which the state court judgment became final, there is an exception in the Act.[2] The 1986 version of the Post-Conviction Act that was in effect at the time of petitioner's 1988 conviction had a three-year statute of limitations, and, if the petitioner's post-conviction petition was not time-barred when the new statute of limitations took effect, he would still have had one year from May 10, 1995, to file his petition under the 1995 Act. Tenn. Code Ann. § 40-30-102 (1982 & Supp. 1988); Tenn. Pub. Act, Ch. 207, § 3. Unfortunately for the petitioner, his post-conviction petition was not filed until some seven years and three months after the entry of his conviction on the state charge; thus, the three-year statute of limitations under the 1986 Act had long expired. As the trial court found, the statute of limitations began to run on December 6, 1988, and petitioner's right to file his petition for post-conviction relief was extinguished three years after his conviction on December 6, 1991. He failed to file within that time frame, and his petition is time-barred. Thus, we agree with the trial court that relief was not available to the petitioner pursuant to the Post-Conviction Procedure Act because the petitioner's application was not filed within the applicable statute of limitations.

---

[2] We note that, by his own admission on the federal habeas application, the petitioner did not appeal the state conviction. Thus, he does not get the benefit of waiting until the ruling of the highest appellate court to start the running of the statute of limitations. Tenn. Code Ann. § 40-30-201(a) (1990 & Supp. 1995).

-3-

## Writ of Error Coram Nobis

A petition for writ of error coram nobis is used to challenge a court's judgment and, like a post-conviction petition, is subject to a one-year statute of limitations. Van Tran v. State, 6 S.W.3d 257, 264 (Tenn. 1999). The petitioner's writ was not filed within that time period and was properly dismissed by the trial court. In addition, a petition for writ of error coram nobis is not the proper means for this petitioner to obtain relief, as the relief afforded by such a writ is very narrow and is only appropriate when an issue was not addressed or could not be addressed, because it was somehow hidden from the trial court. Tenn. Code Ann. § 40-26-105 (1990); Newsome v. State, 995 S.W.2d 129, 133 (Tenn. Crim. App. 1998), perm. app. denied, (Tenn. 1999). No such allegations have been made in this case, and, even if the statute of limitations had not expired, the petitioner has no cognizable claim for relief under a writ of error coram nobis.

In his appellate brief, the petitioner has claimed, for the first time, that a writ of audita querela should issue as to his conviction. This is a common law writ affording "relief to a judgment debtor against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment or the issue of the execution." United States v. Fonseca-Martinez, 36 F.3d 62, 64 (9th Cir. 1994) (quoting 11 Wright and Miller, Federal Practice and Procedure, § 2867 at 235 (1973)). See also Black's Law Dictionary 131 (6th ed. 1990) (The writ lies to allow a defendant "to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise.").

Apparently, this writ is utilized, upon occasion, in the federal courts in an attempt to vacate an allegedly unfair conviction. However, as stated in Fonseca-Martinez, 36 F.3d at 65, no federal appellate court has utilized a writ of audita querela "to vacate an otherwise valid conviction for solely equitable reasons." Initially, as to the petitioner's claim that the writ should issue as to his conviction, we note that he failed to present this claim to the trial court and cannot now raise it for the first time on appeal. See State v. Matthews, 805 S.W.2d 776, 781 (Tenn. Crim. App.), perm. app. denied (Tenn. 1990). Additionally, his appellate brief, in contravention of Rule 27, Tennessee Rules of Appellate Procedure, and Rule 10(b), Rules of the Tennessee Court of Criminal Appeals, contains no citations to appropriate authorities in support of this argument. Accordingly, the argument has been waived. However, even if we were to consider his argument on the merits, to whatever extent this writ is still viable in Tennessee, the petitioner has failed to present a claim entitling him to relief. He simply has not demonstrated any post-judgment occurrence, which would entitle him to issuance of this writ.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the order of the trial court denying relief to the petitioner.

_____
ALAN E. GLENN, JUDGE