IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 2, 2017 Session

**MICHAEL EUGENE SAMPLE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. P-14252     Paula Skahan, Judge**

---

**No. W2016-02479-CCA-R3-ECN**

---

The Petitioner, Michael Eugene Sample, was convicted in 1982 of two counts of felony murder and was sentenced to death. Following his unsuccessful direct appeal, he began filing, over the next twenty years, a series of various types of post-conviction petitions, all of which were unsuccessful. This appeal followed his claim, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, that he is intellectually disabled and not eligible to be executed. Thus, in his view, his sentence is illegal and void; and he is entitled to a hearing on his claim. Further, he argues that he is entitled to a writ of error audita querela and a writ of error coram nobis. The coram nobis court denied relief as to each of these claims and we affirm the judgment of that court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Paul R. Bottei and Alexis Soler, Assistant Federal Public Defenders, Nashville, Tennessee, for the appellant, Michael Eugene Sample.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Pamela Stark, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

Since his convictions thirty-five years ago, the Petitioner has initiated a number of post-conviction proceedings, all of which have been unsuccessful. On August 25, 2016,

he filed a petition for writ of error coram nobis and for writ of audita querela, based upon the same arguments he has continued on appeal. For reasons which we will explain, we affirm the determination by the coram nobis court denying relief.

## ANALYSIS

We will review the issues argued on appeal by the Petitioner.

### I. Intellectual Disability and Tenn. R. Crim. P. 36.1

On appeal, the Petitioner argues that he is entitled to relief, pursuant to Tennessee Rule of Criminal Procedure 36.1, because he is intellectually disabled and, thus, not eligible to be executed.

Rule 36.1 of the Tennessee Rules of Criminal Procedure permits a defendant to seek correction of an unexpired illegal sentence at any time. See State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a).

The Petitioner looks to Tennessee Code Annotated section 39-13-203(b), which prohibits capital punishment of defendants who are intellectually disabled, stating that "no defendant with intellectual disability at the time of committing first degree murder shall be sentenced to death."

As the State correctly responds, the problem with the Petitioner's argument is that his punishment was authorized by statute when it was imposed upon him and, thus, not illegal. Additionally, as the State notes, the sentence of death was imposed on the Petitioner in 1985, at the latest, while Tennessee Code Annotated section 39-13-203 was not enacted until 1990. Thus, at the time of sentencing, the Petitioner's sentence did not contravene any statute, and he is not eligible for Rule 36.1 relief.

### II. Writ of Audita Querela

Additionally, the Petitioner argues that he is entitled to a writ of audita querela. However, this court previously has determined that the writ no longer is available. In James Dellinger v. State, No. E2013-02094-CCA-R3-ECN, 2015 WL 4931576 (Tenn. Crim. App. Aug. 18, 2015), perm. app. denied (Tenn. May 6, 2016), this court explained the nature of the writ and why it was no longer available in Tennessee:

A writ of audita querela is a "common law writ affording 'relief to a judgment debtor against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment or the issue of the execution.'" Dwight Seaton v. State, No. E1999-01312-CCA-R3-CD, 2000 WL 1177462, at *3 (Tenn. Crim. App. Aug. 21, 2000) (quoting United States v. Fonseca-Martinez, 36 F.3d 62, 64 (9th Cir. 1994) (citation omitted)). The Tennessee Supreme Court has concluded that the writ of audita querela "is absolutely unknown and obsolete in the practice of this State." Marsh v. Haywood, 25 Tenn. 210, 1845 WL 1897, at *1 (Tenn. 1845). Furthermore, Tennessee Code Annotated section 27-8-102 (2000) reflects that the writ of audita querela is obsolete by providing that the statutory writ of certiorari lies "[i]nstead of audita querela[.]"

Id. at *13.

This claim is without merit.

### III. Error Coram Nobis Claim

The Petitioner argues that he is entitled to error coram nobis relief, although recognizing that such relief is not available for intellectual disability claims, as explained by our supreme court in Payne v. State, 493 S.W.3d 478, 484 (Tenn. 20l6). Further, he acknowledges that this court is bound by that holding. Accordingly, this issue is without merit.

### CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the coram nobis court denying relief.

_____
ALAN E. GLENN, JUDGE