**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> DENNIS J. SITTMAN, <br><br> Defendant-Appellant. | No.   20-15125 <br><br> D.C. Nos. <br> 1:19-cv-00311-ACK-KJM <br> 1:91-cr-00921-ACK-1 <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted August 4, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Dennis Sittman appeals the district court's denial of his petition for a writ of error coram nobis and/or a writ of audita querela. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see United States v. Riedl*, 496 F.3d 1003,

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1005 (9th Cir. 2007); *United States v. Hovsepian*, 359 F.3d 1144, 1153 (9th Cir. 2004) (en banc), we affirm.

"A person seeking a writ of audita querela must show . . . a legal defect in the underlying sentence or conviction." *Hovsepian*, 359 F.3d at 1154 (citation and internal quotation marks omitted). To establish entitlement to a writ of error coram nobis, Sittman must establish that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Riedl*, 496 F.3d at 1006 (quoting *Hirabayashi v. United States*, 828 F.2d 591 (9th Cir. 1987)).

Thus, for Sittman to receive relief, he must establish that he faces collateral consequences. *See id.*; *United States v. Fonseca-Martinez*, 36 F.3d 62, 65 (9th Cir. 1994) (per curiam) (considering the collateral consequences "sufficient to justify issuance of the writ" of audita querela); *see also Doe v. INS*, 120 F.3d 200, 203 n.4 (9th Cir. 1997) (explaining that the difference between the writs "is one of timing, not substance"). He has not done so. Because only the length of the sentence is at issue, not the correctness of the conviction itself, there is no presumption of collateral consequences. *See United States v. Juv. Male*, 564 U.S. 932, 936 (2011) ("When a defendant challenges only an expired *sentence*, no such presumption

2

applies, and the defendant must bear the burden of identifying some ongoing collateral consequence that is traceable to the challenged portion of the sentence and likely to be redressed by a favorable judicial decision." (cleaned up)). Sittman has fully served the sentence that he challenges. On appeal, he identifies only the allegedly excess time served, but granting his petition would have no effect on that consequence. Any excess time served—if there were any—would not have been credited against the supervised release time Sittman was serving at the time he filed this petition, which was for a different offense. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release").

**AFFIRMED.**